**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ABDOL M. RAGHIBZADEH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:26-cv-03426-MDH** |
| | ) | |
| **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner has been detained by the Department of Homeland Security ("DHS") subsequent to his order of supervision being revoked. Pending before the Court is his *pro se* Verified Petition for Writ of Habeas Corpus (Doc. 1) as well as Respondent's Motion to Dismiss Case for Lack of Subject Matter Jurisdiction (Doc. 5). For the reasons outlined below, the Court concludes that Petitioner's petition for habeas corpus under 28 U.S.C. section 2241 should be **DENIED WITHOUT PREJUDICE**.

**BACKGROUND**

Petitioner Abdol Raghibzadeh is currently confined in Ozark County Jail in Gainesville, Missouri. He came to the United States legally from Iran on February 26, 1977, and he became a lawful permanent resident in 1982. However, on November 16, 1999, Petitioner was convicted of criminal threats in violation of the California Penal Code. Immigration and Customs Enforcement ("ICE") took Petitioner into custody on July 12, 2005. It issued him a Notice to Appear which charged him as removable under 8 U.S.C. section 1227(a)(2)(A)(iii) as an alien who has been convicted of an aggravated felony. An Immigration Judge ordered Petitioner's removal on

November 15, 2005. On May 26, 2006, ICE released Petitioner and placed him on an order of supervision. He remained in the United States in compliance with the conditions of his order of supervision for the next nineteen years.

Petitioner was taken back into ICE custody on June 23, 2025. ICE issued him a Notice of Revocation of Release which stated that his order of supervision had been revoked. He has remained in custody ever since.

Petitioner brought this proceeding, seeking a writ of habeas corpus pursuant to 28 U.S.C. section 2241, against U.S. Immigration and Customs Enforcement.[1] He does not challenge the validity of his final order of removal; rather, he challenges the legality of his continued detention, arguing that it violates the Immigration Nationality Act ("INA") and the Due Process Clause. Respondents argue that Petitioner is not entitled to be considered for release. The Court resolves the parties' arguments below.

## DISCUSSION

### I. Jurisdiction

Respondents argue that three statutory provisions—8 U.S.C. sections 1252(a)(5), (g), and (b)(9)—deprive this Court of jurisdiction to consider any of Petitioner's claims that fall outside of *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Court disagrees.

Section 1252(a)(5), entitled "Exclusive means of review," limits judicial review of orders of removal to "an appropriate court of appeals." As stated above, Petitioner is not challenging the

[1] Petitioner's Petition fails to name Cass Martin, sheriff of the Ozark County Jail in Gainesville, Missouri. Regardless of this error, the Court construes the proper party holding Petitioner in custody as the Department of Homeland Security through Immigration and Customs Enforcement. As DHS and ICE are utilizing the Greene County Jail to hold Petitioner and other detainees, the Court expects its ruling to apply to the Government and those aiding the Government regarding this specific case.

validity of his final order of removal. Thus, section 1252(a)(5) does not strip this Court of jurisdiction. *See R.O.A. v. Edlow*, 805 F.Supp.3d 565, 571–72 (D. Vt. 2025).

Sections 1252(g) and (b)(9) apply narrowly to systemic challenges to regulations implementing expedited removal, review of an order of removal, the decision to seek removal, or the process by which removability will be determined—not to constitutional or statutory claims which precede and are collateral to that process, including, as relevant here, unlawful arrest or detention. *See Mata Velasquez v. Kurzdorfer*, No. 25-CV-493-LJV, 2025 U.S. Dist. LEXIS 135986, 2025 WL 1953796, at *7 (W.D.N.Y. July 16, 2025); *see also Hernandez-Cuevas v. Olson*, No. 4:25-cv-00830-BP, at 3 (W.D. Mo. Nov. 05, 2025) (citing 8 U.S.C. § 1252(b)(2)); *Cifuentes Rivera v. Arnott, et al*, 25-cv-00570-RK1, Doc.19 at 7 (W.D. Mo. Oct. 07, 2025) ("[T]he narrow scope of § 1252(g) does not cover 'claims [that] are collateral to the Government's decision to execute the final order of removal,' for instance, claims seeking relief based upon the Government's alleged failure to comply with its own regulations regarding the required administrative processes after an alien is detained."). Petitioner is challenging his unlawful detention, not any removal decisions or actions, so the above provisions do not deprive the Court of jurisdiction.

For those reasons, this Court concludes it has jurisdiction over Petitioner's habeas petition.

## II. <u>Permissibility of Continued Detention</u>

The Immigration and Nationality Act ("INA") provides that the Attorney General "shall remove" an alien within ninety days of entry of an order of removal. 8 U.S.C. § 1231(a)(1)(A). The alien must be held in the Government's custody during these ninety days. *Id.* § 1231(a)(2)(A); *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). The INA authorizes extended detention if the Government does not remove the alien within the ninety-day period; however, it is well settled

that this extension cannot be indefinite. 8 U.S.C. § 1321(a)(6); *Zadvydas*, 533 U.S. at 682, 689; *Clark v. Martinez*, 543 U.S. 371, 379 (2005).

The Supreme Court in *Zadvydas* clarified the boundaries of post-ninety-day detentions. 533 U.S. at 699–700, 701. Reasoning that "indefinite detention of [admitted] aliens . . . would raise serious constitutional concerns," the Court found that detentions after the ninety-day period are presumptively limited to six months. *Id.* at 701; *Martinez*, 543 U.S. at 378. Once the six-month period has passed, an alien detainee is eligible for conditional release if he "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *Martinez*, 543 U.S. at 378. If the alien does so, the burden shifts back to the Government to provide "sufficient evidence to rebut that showing." *Zadvydas*, 533 U.S. at 701. The Court reaffirmed this scheme in *Clark v. Martinez* and clarified that it includes not just admitted aliens but also aliens who have been ordered removed and are inadmissible under 8 U.S.C. section 1227(a)(2). 543 U.S. at 377.

Petitioner is inadmissible under section 1227(a)(2), so the *Zadvydas* holding applies here per *Martinez*. It is true that Petitioner has now been detained for more than fifteen months, twelve months past the mandatory detention window. However, he has not provided this Court "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." Respondents have proffered evidence sufficient to rebut Petitioner's assertion that his removal is not likely to occur any time soon. They began working on a travel document request packet for Petitioner within a month of his reincarceration. In December 2025, Petitioner had an interview with Iran regarding his deportation back to his home country. Since then, Respondents have reached out to the Removal Management Division for updates on the travel document request. Each time, they have been informed that the request remains pending. On July

22, 2026, Respondents were informed that another interview with Petitioner is required, which they are actively working to schedule. These actions create a "significant likelihood" that Petitioner's removal will occur in the reasonably foreseeable future. For these reasons, the Court finds Petitioner's petition for writ of habeas corpus must be denied without prejudice.

## III. Motion for Leave to Proceed *In Forma Pauperis*

Subsequent to his Petition, Petitioner filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 2). The Court finds this motion is moot in light of the Court's denial of Petitioner's petition for writ of habeas corpus.

## CONCLUSION

The Court concludes Petitioner's right to procedural due process has not been violated, nor has the INA, and he is not entitled to immediate release. Accordingly, the Petition for Writ of Habeas Corpus is **DENIED WITHOUT PREJUDICE**; Petitioner's motion for leave to proceed *in forma pauperis* is **DENIED AS MOOT**; and Respondents' motion to dismiss for lack of subject matter jurisdiction is **DENIED AS MOOT** under the ruling.

**IT IS SO ORDERED**.

DATED: October 20, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**